# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

YOLANDA ALBERTIE WISE,

      Plaintiff,

v.                                            Case No. 3:23-cv-909-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

      Defendant.

_____

## OPINION AND ORDER[2]

## I. Status

Yolanda Albertie Wise ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of "blindness in the right eye," "vertigo/dizziness," "anemia," "low vitamin D," "chronic pain syndrome," and "obesity." Transcript of Administrative

---

[1] Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 11), filed September 22, 2023; Reference Order (Doc. No. 12), entered September 25, 2023.

Proceedings (Doc. No. 10; "Tr." or "administrative transcript"), filed September 21, 2023, at 84, 169; see Tr. at 67, 247. Plaintiff protectively filed an application for DIB on August 6, 2020, alleging a disability onset date of July 18, 2020.[3] Tr. at 191-92. The application was denied initially, Tr. at 66-80, 81, 82, 92-94, and upon reconsideration, Tr. at 83, 84-91, 98-101.

On December 16, 2022, an Administrative Law Judge ("ALJ") held a hearing,[4] during which he heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 41-65. On February 1, 2023, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 23-34.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by her counsel and additional medical evidence. See Tr. at 2, 5-6 (Appeals Council exhibit list and orders), 15-19 (medical evidence), 188-90 (request for review), 314-16 (brief). On June 14, 2023, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On August 3, 2023, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a

---

[3] Although actually completed on August 14, 2020, see Tr. at 191, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as August 6, 2020, see, e.g., Tr. at 67, 84.

[4] The hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances caused by the early stages of the COVID-19 pandemic. Tr. at 43-44, 110-25, 140-41, 157, 167-68, 186.

Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff contends "[t]he ALJ failed to properly evaluate the opinion evidence consistent with SSA authority and Eleventh Circuit precedent, undermining the [residual functional capacity ('RFC')] finding." Plaintiff's Brief – Social Security (Doc. No. 16; "Pl.'s Br."), filed October 20, 2023, at 1 (emphasis omitted); see id. at 9-19. On November 20, 2023, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 17; "Def.'s Mem.") addressing Plaintiff's argument. Plaintiff on December 1, 2023 filed Plaintiff's Reply Brief – Social Security (Doc. No. 18; "Reply"). After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for further proceedings.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant

---

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

(1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry through step four, where he ended the inquiry based on his findings at that step. See Tr. at 25-34. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since July 18, 2020, the alleged onset date." Tr. at 25 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: rheumatoid arthritis; right eye blindness." Tr. at 26 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 26 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following RFC:

> [Plaintiff can] perform light work as defined in 20 CFR [§] 404.1567(b) except [for] no climbing ladders/ropes/scaffolds but occasional climbing of ramps/stairs, and occasional balancing, stooping, kneeling, crouching, and crawling. Limited to work settings that [d]o not require binocular vision. [Plaintiff] should not have concentrated exposure to vibrations and should not work around moving mechanical parts or at unprotected heights.

Tr. at 26 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is capable of performing past relevant work as a secretary, collection clerk, or supervisor, customer complaints" because "[t]his work does not require the performance of work-related activities precluded by [Plaintiff's RFC.]"[6] Tr. at 33 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from July 18, 2020, through the date of th[e D]ecision." Tr. at 34 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial

---

[6] The ALJ purportedly relied on the VE's testimony to find Plaintiff was capable of performing all three jobs. Tr. at 33. In actuality, the VE testified Plaintiff could only perform the job of "Supervisor, Customer Complaint Service." Tr. at 61.

evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff argues the ALJ erred in evaluating the opinion of her treating ophthalmologist, Hazem Samy, M.D. Pl.'s Br. at 9-19. According to Plaintiff, the ALJ impermissibly failed to evaluate or incorporate in the RFC any of the specific limitations Dr. Samy assigned. Id. at 15-17. Defendant responds that the ALJ "properly considered Dr. Samy's opinion and incorporated limitations

in his RFC assessment that reasonably accounted for" the opinion. Def.'s Mem. at 9. After review and for the reasons stated below, the undersigned finds that the matter is due to be reversed and remanded for reconsideration of Dr. Samy's opinion.

Plaintiff also raises ancillary issues related to the ALJ's assessment of her RFC, mainly regarding her headaches and the ALJ's handling of her subjective complaints. See Pl.'s Br. at 9-14, 17-19. It is not necessary to substantively resolve these matters because the headaches and other subjective complaints can be reevaluated, if necessary, on remand. A discussion of the applicable law on opinion evidence and evaluation of Dr. Samy's opinion follows.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using

other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a).[7] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she

---

[7] Plaintiff filed her application after the effective date of section 404.1520c, so the undersigned applies the revised rules and Regulations.

evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[8]

At issue here is the August 22, 2022 opinion of Dr. Samy, Plaintiff's treating ophthalmologist. Tr. at 1382-83. According to Dr. Samy, Plaintiff has marked loss of visual acuity in reading printed matter, reading a computer screen, writing, and using a computer keyboard. Tr. at 1382. Dr. Samy opined Plaintiff has extreme loss of visual acuity in performing fine work and performing assembly or other work requiring hand-eye coordination. Tr. at 1382. Plaintiff also has a loss of the peripheral field that causes marked limitation in moving about freely without tripping over objects while walking, extreme limitation in detecting approaching persons or objects, and moderate limitation in walking up and down stairs. Tr at 1383. Finally, Dr. Samy hand wrote that Plaintiff "has limited depth perception affecting her daily activities." Tr. at 1383.

---

[8] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

> The ALJ found as follows regarding Dr. Samy's opinion:
>
>> The opinion of Dr. Samy on the August 2022 vision functional form is found to be generally supported by and consistent with the evidence and is considered partially persuasive. Dr. Samy assessed marked limitation for reading printed matter, reading a computer screen, writing, using a computer keyboard, moving about freely without tripping over objects while walking, moderate limitation for walking up and down stairs, and extreme limitation for performing fine work and detecting approaching persons or objects. [Plaintiff's RFC] included restriction work requiring binocular vision, which is considered consistent with Dr. Samy's assessment. However, [Plaintiff] reported that she performed light cleaning and did laundry, and that she shopped in stores, which indicates that she was able to detect approaching persons or objects sufficiently to perform those activities. The [RFC] provision restricting exposure to work-related hazards is found to accommodate [Plaintiff's] limited right side vision.

Tr. at 32-33 (citation omitted).

The ALJ erred in addressing Dr. Samy's opinion. Having found the opinion to be "generally supported by and consistent with the evidence" but nevertheless only "partially persuasive," the ALJ then left out most key aspects of the opinion when assigning the RFC. Tr. at 32-33; see Tr. at 26 (RFC). Although the ALJ was of the view that limitations for "settings that [d]o not require binocular vision" and no exposure to work-related hazards sufficiently accounted for Dr. Samy's opinion, Tr. at 33, the undersigned finds otherwise. Dr. Samy opined on <u>specific</u> work-related functions that occur as a result of

Plaintiff's lack of useful vision in her right eye; the limitations in the RFC generally assume a lack of useful vision in one eye but do not take into account the entirety of the marked and extreme limitations that Dr. Samy assigned. Compare Tr. at 1382-83 (opinion), with Tr. at 26 (RFC). Given that the ALJ found Dr. Samy's opinion to be "generally supported by and consistent with the evidence," Tr. at 32, the limitations assigned by Dr. Samy should have been included in the RFC and hypothetical presented to the VE. Because they were not, and there are no reasons why not, judicial review is frustrated: the undersigned is unable to say whether the VE's testimony that Plaintiff could perform her past relevant work of "Supervisor, Customer Complaint Service," Tr. at 61, is supported by substantial evidence. In light of the foregoing, the matter must be reversed and remanded for reconsideration of Dr. Samy's opinion. On remand, the Administration shall also address Plaintiff's reported headaches [9] and reevaluate Plaintiff's subjective complaints of pain as appropriate.

## V. Conclusion

In light of the foregoing, it is

---

[9] The ALJ did acknowledge some complaints of headaches to treating providers, Tr. at 30, 32, and Plaintiff's testimony about headaches, Tr. at 27, but did not resolve whether headaches cause any functional limitations in Plaintiff's RFC and did not discuss the headaches when discussing Plaintiff's alleged intensity, and limiting effects of her symptoms, Tr. at 33.

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Reconsider the opinion of Dr. Samy regarding Plaintiff's visual functional limitations;

(B) Address Plaintiff's reported headaches and reevaluate Plaintiff's subjective complaints as appropriate; and

(C) Take such other action as may be necessary to resolve this claim properly.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 5, 2024.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record