UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

YOLANDA ALBERTIE WISE,

      Plaintiff,

v.                                                          Case No. 3:23-cv-909-JRK

MARTIN O'MALLEY,
Commissioner of Social Security,

      Defendant.
_____/

## O R D E R

This cause is before the Court on Plaintiff's Unopposed Petition for Award of Attorney Fees Under the Equal Access to Justice Act (Doc. No. 22; "Petition"), filed November 15, 2024. In the Petition, Plaintiff's counsel seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $10,224.00. Petition at 1. Plaintiff represents that Defendant does not oppose the relief requested. Id. at 2, 6.

Plaintiff's counsel indicates a total of 45.4 hours were expended in the representation of Plaintiff before the Court: 40.6 hours of attorney time and 4.8 hours of paralegal time. Id. at 3; see also Doc. No. 22-1; "Itemization of Time." Plaintiff requests an hourly rate of $240.00 for the attorney time and $100 for the paralegal time. Petition at 3; Itemization of Time. Plaintiff is seeking a

higher hourly rate than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress. See 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased).

A reasonable hourly rate is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." ACLU of Ga. v. Barnes, 168 F.3d 423, 436 (11th Cir. 1999) (quoting Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)). The "relevant legal community is "the place where the case is filed." Id. at 437. If a movant seeks "non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing and able to handle his claims." Id.

The burden is upon the fee applicant to "supply[ ] the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." Norman, 836 F.2d at 1303. "No two lawyers possess the same skills, and no lawyer always performs at the same level of skill." Id. at 1300. Therefore, the fee applicant "ought to provide the court with a range of market rates for lawyers of different skill levels (perhaps as measured by quality and quantity of experience) involved in similar cases with similar clients, so that

2

the court may interpolate the prevailing market rate based on an assessment of the skill demonstrated in the case at bar." Id. Moreover, "a court should hesitate to give controlling weight to prior awards, even though they may be relevant." Callaway v. Acting Comm'r of Soc. Sec., 802 F. App'x 533, 538 (11th Cir. 2020) (quoting Dillard v. City of Greensboro, 213 F.3d 1347, 1354-55 (11th Cir. 2000)).

Paralegal time is recoverable under the EAJA, but only "to the extent that the paralegal performs work traditionally done by an attorney." Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988) (emphasis and citation omitted), aff'd sub nom. Comm'r, I.N.S. v. Jean, 496 U.S. 154 (1990). In determining whether the number of hours expended are reasonable, the Court must ensure that "excessive, redundant or otherwise unnecessary" hours are excluded from the amount claimed. Norman, 836 F.2d at 1301 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). To that end, it is important that fee applicants "exercise 'billing judgment,'" meaning "that the hours excluded are those that would be unreasonable to bill a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." Id. (quoting Hensley, 461 U.S. at 434).

Having examined the Consumer Price Index and the representations made in the Petition and supporting documentation, the Court concludes an increase in inflation does justify a proportionate increase in attorneys' fees such

that the hourly rate requested for the attorneys is reasonable.[1] Moreover, the hourly rate and time expended by the paralegals is reasonable.

Plaintiff has assigned her rights to any entitlement of attorney's fees due under the EAJA to her counsel. See Petition at Ex. 2 (Contingent Fee Agreement). Regarding the assignment, Plaintiff represents the following:

> The parties agree that after the Court issues an order accepting th[e] Petition, the Commissioner will determine whether Plaintiff owes a debt to the government. If the United States Department of Treasury determines that . . . Plaintiff does not owe a federal debt, the government will accept Plaintiff's Assignment of EAJA fees . . . and pay fees directly to Plaintiff's counsel.

Id. at 4.

In light of the foregoing, it is

**ORDERED**:

1. Plaintiff's Unopposed Petition for Award of Attorney Fees Under the Equal Access to Justice Act (Doc. No. 22) is **GRANTED**.

2. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorney's fees in the amount of $10,224.00 pursuant to 28 U.S.C. § 2412(d).

---

[1] See U.S. Dep't of Labor, Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited December 4, 2024). In computing the hourly rate adjustment for the cost of living increase, the Consumer Price Index is generally used for the year in which the services were performed. See Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 710-13 (D.C. Cir. 1997); see also Gates v. Barnhart, 325 F. Supp. 2d 1342, 1346 (M.D. Fla. 2002).

3. The Commissioner may exercise the discretion to honor Plaintiff's assignment of fees to counsel if the U.S. Department of Treasury determines that Plaintiff does not owe a debt to the U.S. Government.

**DONE AND ORDERED** in Jacksonville, Florida on December 5, 2024.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record